CHAMBERS et al. v. CONSOLIDATED GARAGE CO. (No. 918.)

(Court of Civil Appeals of Texas. El Paso. March 13, 1919. Rehearing Denied April 3, 1919.)

1. CONTRACTS ⚭101(1)—ENFORCEMENT—WHAT LAW GOVERNS.

A contract valid under the lex loci is valid and enforceable elsewhere, subject to the well-established exception that it will not be enforced in a jurisdiction where it contravenes the settled policy of the forum.

2. ESTOPPEL ⚭75—BONA FIDE PURCHASERS.

It is settled policy of Texas that enforcement against innocent purchasers for value of secret undisclosed liens upon and reservation of titles to personalty, possession of which has been voluntarily surrendered and the possessor clothed with an apparent full and unincumbered title, shall not be had.

3. SALES ⚭451—NECESSITY FOR REGISTRATION—WHAT LAW GOVERNS.

A conditional sale of an automobile in California, where it was not necessary to register

the instrument, upon removal of the automobile to Texas by the purchaser, is void as against a bona fide purchaser for value in Texas, unless registered.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Sequestration proceedings by the Consolidated Garage Company against F. H. Nichols, in which Ray Chambers filed a claimant's oath and bond. From a judgment for plaintiff, the claimant appeals. Reversed and rendered.

Hudspeth & Harper and Judkins & Murphy, all of El Paso, for appellant.

Louis J. O'Neal, of San Jose, Cal., and H. Potash and Beall, Kemp & Nagle, all of El Paso, for appellees.

### Statement of Case.

HIGGINS, J. Appellees' motion to strike out the statement of facts upon the ground that the same was not approved by the trial court is sustained. Pace v. Price, 45 S. W. 203. The case was tried without the aid of a jury, and findings of fact and conclusions of law filed by the court. A condensed statement of the material facts as disclosed by appellees' pleading and the findings is as follows:

The Consolidated Garage Company is incorporated under the laws of California, with its principal place of business in San Jose, Santa Clara county, Cal. Appellant Chambers is a resident of El Paso county, Tex. On July 6, 1917, appellee owned and was in possession of a certain automobile of the value of $1,700. On the date mentioned appellee and F. H. Nichols, at San Jose, Cal., entered into a written contract, by the terms whereof Nichols agreed to purchase the car from the company for the sum of $1,670; $600 being paid in cash and the balance to be paid in monthly installments of $90 each; the deferred payments to bear interest from date. Nichols agreed not to sell or dispose of the automobile, nor take the same out of the state of California, nor permit the same to be removed from his possession, attached, levied upon, nor create any liens against same. Nichols was to pay all taxes against the property. The contract provided that title should remain in the company until all payments were made and all of the conditions contained in the contract fully complied with, and that upon the performance of all of said conditions and terms by Nichols the company would execute to him a bill of sale to the property. The contract was to be performed wholly within the state of California. The automobile was removed from Santa Clara county, Cal., by Nichols without the knowledge or consent of the company, and without any negligence on the latter's part. The company

used due diligence to collect the amount due upon the contract, and exercised due diligence in trying to locate the car after it had been taken from San Jose and the state of California. The car was finally located in El Paso, Tex., where it had been brought by Nichols, and immediately upon ascertaining its location the company brought suit in the district court of El Paso county against Nichols, and sequestered the car. The contract was not filed for record in California, nor in any county in Texas. The car was purchased in El Paso county, Tex., by Chambers from Nichols for a valuable consideration, and without notice of any defect in Nichols' title. When the car was sequestered in the suit against Nichols, Chambers filed a claimant's oath and bond, and possession was surrendered to him. Under the laws of California the contract between the company and Nichols was a conditional sale, and title to the automobile did not pass from the company to Nichols, and under the laws of California it was not necessary to file or register the contract, and under the laws of that state any subsequent purchaser from Nichols, paying a valuable consideration without notice, would not get any better title than Nichols had; the contract, under the laws of that state, being not a mortgage, but a conditional sale, the title remaining in the company. The amount due by Nichols under the contract is $1,060, with interest.

The trial court's conclusion of law was that Chambers in his purchase of the automobile from Nichols acquired no greater title than Nichols had; that the contract between the company and Nichols was a conditional sale, and, Nichols having defaulted, the company became entitled to the possession of the automobile. Judgment was rendered against Chambers and the sureties upon his bond for the value of the automobile, with interest.

### Opinion.

This case differs in no material respect from Willys-Overland Co. v. Chapman, 206 S. W. 978, recently decided by this court in an opinion by Justice Walthall.

The question was there maturely considered, and the conclusion reached, that under the authorities in this state Chambers is protected as a bona fide purchaser for value.

[1-3] That case recognizes the rule that a contract valid under the lex loci is valid and enforceable elsewhere, subject to the well-established exception that it will not be enforced in a jurisdiction where such contract contravenes the settled policy of the forum. In such case the law of the forum governing its own citizens in making contracts and asserting rights ordinarily applies. Weider v. Maddox, 66 Tex. 372, 1

S. W. 168, 58 Am. Rep. 617; Fowler v. Bell, 90 Tex. 150, 37 S. W. 1058, 39 L. R. A. 254, 59 Am. St. Rep. 788. In our opinion the settled policy of Texas jurisprudence has sternly frowned upon and set its face against the enforcement, against innocent purchasers for value, of secret undisclosed liens upon and reservations of title to personalty, the possession of which has been voluntarily surrendered and the possessor clothed with apparent full and unincumbered title. If appellee and Nichols had been citizens of Texas and the transaction between them had transpired here, it is clear that Chambers would be protected. Shall the courts of Texas recognize and extend to citizens of California rights which are denied to its own citizens and which prejudice the interests of innocent citizens of Texas? Appellee voluntarily surrendered possession of the car to Nichols, and placed him in a position to perpetrate upon appellee the fraud which he did in fact perpetrate. Under the law of California the citizens of that state may be thus defrauded, but not so in Texas. The opinion of this court reached in the Chapman Case is that the law of this state governing the conduct of its own citizens in transactions of this nature is to be applied rather than the California law.

Upon this view it follows that the judgment must be reversed and here rendered for appellants. It is so ordered.